JOSEPH LICHTENSTEIN and JOSEPH WOLFE, Landlords, Respondents, *v.* GROTON LAUNDRY SERVICE, INC., Tenant, Appellant.

Supreme Court, Appellate Term, First Department, November 21, 1924.

Landlord and tenant — summary proceedings for non-payment of rent for November and December — clause in lease providing for termination of lease in case of bankruptcy of tenant — tenant's receiver went into possession on tenant's adjudication in bankruptcy on August thirtieth — evidence disclosed landlords assumed possession of premises by reason of bankruptcy cancellation clause in lease on October twenty-sixth — bankrupt tenant not liable for rent for subsequent months — judgment for tenant.

A final order in summary proceedings for non-payment of rent for November and December should be awarded in favor of the tenant, where it appears that the tenant was in possession of the premises until August thirtieth under a lease providing that in case of bankruptcy, the lease, at the option of the landlords, should terminate; that following the tenant's adjudication in bankruptcy on August thirtieth, a receiver went into possession; and that on October twenty-sixth the landlords, in a petition to the United States court, recited the termination of the lease, and demanded possession of the premises from the tenant's receiver, since there is nothing to indicate that the tenant was in actual possession or occupancy, with or without a lease, after the termination of the receiver's possession on October twenty-sixth.

GUY, J., dissents.

APPEAL by a tenant from a final order of the Municipal Court of the city of New York, borough of Manhattan, second district, entered on a verdict directed for the landlord in summary proceedings for non-payment of rent.

*James S. Friedman*, for the appellant.

*Pariser & Garten* (*Stanley Garten*, of counsel), for the landlords, respondents.

*Per Curiam.* Tenant, appellant, was in possession until August 30, 1923, under a lease dated November 9, 1922, which provided that in case of bankruptcy the lease, at the option of the landlord, should immediately cease and terminate; also that if the tenant was dispossessed or vacated the premises the landlords agree to execute a lease of the balance of the term to the party of the third part (an attorney by the name of Friedman) in the same form as the existing lease. The tenant was adjudicated a bankrupt on August thirtieth. The receiver went into possession, and in October, 1923, the landlords presented a petition to the United States court reciting the bankruptcy cancellation clause and saying " that by virtue of the foregoing the lease has terminated and the landlords have demanded possession from the receiver, etc."

It seems to us that this is conclusive on the termination of the lease at the time of the date of the landlord's said petition, October 26, 1923.   Consequently, the rent now sued for, *i. e.*, for November and December, 1923, was not due from the tenant.   This conclusion is confirmed by the landlords' testimony and by an allegation in the landlords' petition in the Federal court to the effect that the landlords had entered into new arrangements with a new tenant which shows that they had resumed possession, constructively at least.   There is also some evidence that the landlords in November, 1923, demanded rent from Mr. Towbin, defendant's secretary and treasurer, on the premises.   This is not sufficient proof even of defendant's actual possession or occupancy at that time.

As it appears that the lease was terminated and there is no proof that defendant, tenant, was even in possession, with or without a lease, the verdict in its favor moved for by the tenant should have been granted.

Final order reversed, with thirty dollars costs, and final order awarded in favor of tenant, with costs.

BIJUR and MULLAN, JJ., concur; GUY, J., dissents.